IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOAQUIN VAZQUEZ CABRERA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 18-1348CCC
(Related Cr. 15-0276CCC)

**OPINION AND ORDER**

Before the Court is petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (**d.e. 1**) filed April 27, 2018. Petitioner seeks relief from his sentence in Criminal 15-0276(CCC) on the basis of Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The United States filed a Response (d.e. 9) on February 8, 2019, alleging that Johnson and Dimaya are inapposite and that the petition is untimely.

Johnson held that the residual clause of the Armed Career Criminal Act at 18 U.S.C. § 924(e)(2)(B), which defines a "crime of violence" for the purposes of sentencing enhancement, was unconstitutionally vague. Dimaya held that the definition of a "crime of violence" in 18 U.S.C. § 16(b) is also unconstitutionally vague as incorporated into the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F).

Having reviewed the above filings as well as Criminal 15-0276, the Court finds that petitioner is not entitled to relief. Petitioner plead guilty to Count One of the indictment, 18 U.S.C. § 924(c)(1)(A)(I), possession of a firearm in furtherance of a drug trafficking offense. Johnson applies only to the "crime of violence" portion of the Armed Career Criminal Act at 18 U.S.C. § 924(e)(2)(B), not to the drug trafficking section under which petitioner was convicted.

Further, 18 U.S.C. § 924(c)(1)(A) does not contain a residual clause similar to the type found unconstitutional in Johnson or Dimaya.

The motion is also untimely. Section 2255 motions must be filed within one year of (1) the date on which the judgment of conviction becomes final; (2) the date an impediment to filing created by the government is removed; (3) the date a retroactively applicable right is newly recognized by the Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1). As Johnson and Dimaya do not apply to petitioner's case and he does not allege a government impediment to filing or newly discovered facts, his motion was due on March 23, 2017 – one year after his judgment became final. As the motion was filed on April 27, 2018, it is untimely.

For the reasons stated, petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (**d.e. 1**) is DENIED. Judgment shall be entered accordingly.

## CERTIFICATE OF APPEALABILITY

The Court hereby ORDERS that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

In San Juan, Puerto Rico this 28th day of February, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge